JOHN N. STAFFORD, In Equity *vs.* GEORGE H. MORSE.

Somerset.    Opinion December 29, 1902.

*Mortgage. Foreclosure by Publication. Time of Record. Evidence. R. S., c. 7, § 15; c. 73, § 28; c. 90, § 5; c. 91, § 2.*

1. When it is sought to foreclose a mortgage on real estate by publication, the foreclosure will be ineffectual, unless it appears by record that a copy of the printed notice and the name and date of the newspaper in which it was last published were recorded in each registry in which the mortgage deed was or by law ought to have been recorded, within thirty days after such last publication.

2. The time of record must appear of record; and when the record is silent, it cannot be shown by evidence aliunde the record.

3. When the record is silent as to time of recording, it cannot be amended after the thirty days have expired so as to show that the recording was within the thirty days.

On report. Bill in equity to redeem a mortgage. Sustained.

This was a bill in equity for the redemption of a mortgage of real estate. The bill, answer, notice of foreclosure, record and certificate of the register of deeds, demand for an account and response, were put in evidence.

The plaintiff offered to prove that he had no knowledge of where the newspaper, in which the notice of foreclosure appeared, was printed and published; and it was agreed that the same should be taken as proved if the evidence was legally admissible.

The defendant offered to prove, by oral evidence, by the production of the mortgage, by assignments and quit-claim deed, by the original notice of foreclosure, a copy of which is on the register's certificate, by the production of the newspapers in which the notices of foreclosure were printed and published, by introduction of the records of the registry of deeds of Somerset County, in addition to other evidence stated in the report, all the allegations set out in his answer, to establish the fact of foreclosure of the mortgage—the same to be taken as proved if legally admissible.

The defendant also asked leave to have the register of deeds amend his record and certificate of foreclosure in accordance with the facts stated in his answer, which was to be done if legally admissible.

·*E.* ·*N. Merrill*, for plaintiff.

*J. W. Manson*, for defendant.

SITTING : WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ. EMERY, PEABODY, SPEAR, JJ., DISSENTING.

SAVAGE, J. Bill in equity to redeem from a mortgage. The defendant holding under the mortgagee claims an absolute title through a complete foreclosure by publication. The plaintiff denies that the mortgage was legally foreclosed. And this is the sole issue here. The plaintiff urges several objections to the foreclosure proceedings, only one of which do we consider, as we think that one is necessarily fatal.

The statute, R. S., chap. 90, § 5, requires one who seeks to foreclose a mortgage by publication, to cause a copy of the printed notice, and the name and date of the newspaper in which it was last published, to be recorded in the registry of deeds in which the mortgage deed is, or by law ought to be recorded, within thirty days after such last publication. That the printed notice was recorded in this case is not in dispute. The defendant says in his answer that it was recorded within thirty days after the last publication. But the certificate of the register, which by statute is made prima facie evidence of the fact of such publication, does not prove the allegation. It is not dated, and there is no record evidence that the printed notice was seasonably recorded. By statute, every instrument is "considered as recorded" at the time when the minute of its reception is made by the register upon the instrument itself. R. S., c. 7, § 15. In order to effect a legal foreclosure, all conditions required by statute must be strictly performed. *Freeman* v. *Atwood*, 50 Maine, 473 ; *Bragdon* v. *Hatch*, 77 Maine, 433 ; *Hollis* v. *Hollis*, 84 Maine, 96 ; *Belfast Savings Bank* v. *Lancey*, 93 Maine, 422. And to support a foreclosure title, the performance of all statute conditions must be proved.

The defendant seeks to supply the want of record evidence by oral evidence, or by an amendment of the record. And it is agreed by the parties that if this can legally be done, it is to be regarded as done. We are brought, therefore, to a consideration of the question whether evidence aliunde the record is admissible, when the record is silent, to prove that the printed copy was received for record within thirty days from the last publication, or whether that fact must appear upon the record itself. Much has been said in argument upon the question whether the statute contemplates that the register's certificate of publication should be recorded. The defendant contends that it does not, and then argues that, ex necessitate rei, the time of recording the printed copy must be proved aliunde. It is true, that there is no statute specifically requiring registers to record the time when notices of foreclosure are received for record, either by certificate or otherwise. So there is no statute requiring registers to record upon the book where the instrument is recorded, the time when any other instrument is received. Yet it is believed that throughout the entire history of this State, registers have well-nigh universally recorded, and have regarded it as a part of their duty to record, on the book, with the record of the instrument, the date on which it is received for record, which, of course, is the date of record; and that failure to do so, if any, has been due to inadvertence. The very universality of the practice for so many years is of itself significant of the proper interpretation of the statutes of registry. It is the interpretation which seems to have suggested itself to all concerned. The statute requires the register to minute on every instrument the time it is received for record. R. S., ch. 7, § 15; ch. 73, § 28. And the official memorandum seems to have been then regarded as a part of the instrument itself for recording purposes. The courts and the profession have invariably regarded the records of the date of receiving instruments for record as they appear in the books with the records of the instruments, as satisfactory and sufficient evidence to determine priority of title by priority of record; and yet unless these records are made as a part of the official duty of the registers, they are not evidence at all.

But if we were to concede the premises of the defendant, we do

not think it would necessarily follow that it need not appear of record that the printed notice of foreclosure was seasonably received for record. The design of the statute undoubtedly is that the record shall give notice of the foreclosure. To give notice of the fore-closure, it must give notice of the successive essential steps necessary to complete foreclosure, because if any are missing, it is not a foreclosure, and notice of such imperfect proceedings would not be notice of a foreclosure. A defective record is not notice. *Hill* v. *McNichol*, 76 Maine, 314. The time of recording is essential, because the foreclosure proceedings are null and void unless the printed notice is recorded within thirty days after the last publica-tion. The argument, therefore, is not based upon any specific provisions of any statute, but rather upon what is believed to be the reasonable and proper, if not necessary, interpretation of the statute requiring registry of a published notice of foreclosure within thirty days. To re-state it, it is that registry within thirty days is essential to the very validity of the foreclosure. Ordinarily an instrument of conveyance becomes effective without any regard to the registry. It is valid whether registered or not. It conveys title whether registered or not. Registry merely serves to give notice to third parties. In law, it is notice. But a foreclosure does not become a foreclosure *unless* it is recorded, and recorded within thirty days. The record becomes a part of the muniment of title. And if there is no title by record within the thirty days, there never can be. Inasmuch as the time of record is essential to the validity of the title created by record, that also must appear of record, or else there fails to appear a complete record title. All that appears of record may be true, and yet no title. It is not a muniment of title. It does not prove title. One cannot set it up as the last step in the proof of a record title,— that is, a title not merely protected, but created by registry, without showing something that the record does not contain. The step is not long enough to reach across the chasm. Hence we think that the time of recording must appear of record.

It is suggested that the statute provision making the register's cer-tificate prima facie evidence of the fact of publication raises a fair

implication that the fact of publication may be shown otherwise. Whether that be so or not, it is certainly true that the fact that there was no publication may be shown otherwise. It is prima facie evidence, but not conclusive. The certificate may be attacked, but is sufficient as far as it goes, if not attacked. Whether or not there may be a vital distinction in respect to the prima facie evidential force of the certificate, between the case of one who seeks to prove a title created by record, and who may stand with a record or fall for want of one, and that of him who would attack such a title, need not be decided. Here we are not concerned with the contents of the certificate, but with what it does not contain, or to speak more exactly, with the fact that it is not shown by record either in the certificate, or out of it, that the notice was recorded within thirty days from the last publication.

There being no record evidence that the printed notice was recorded seasonably, can the want of it be supplied by evidence aliunde? We think not. Besides the reasons already stated, there is a strong reason to be deduced from the very purpose of our system of registration of land titles, and that is, certainty and security of land tenure. The stability of land titles depends in a large degree upon the certainty of record evidence.

In *Chase* v. *Savage*, 55 Maine, 543, a mortgagor sought to extend the time when foreclosure would become absolute by showing that the mortgagee had fraudulently misstated to him the time when the right of redemption would expire. The court, after saying that the claim was not sustained by the evidence, added words which are peculiarly appropriate here. "Besides," the court said, "the record was the only fountain from which such information could flow. To that place all parties interested could and must resort. Otherwise the record, designed to protect the interests of all, becomes a nullity, since it might be avoided by parol testimony, or the weight of testimony as judicially decided, based upon the imperfection of human memory, rather than the recorded certainty."

Nor can the record be now amended. The record which makes a foreclosure legal and complete must be made within thirty days from the last publication. The record as it is on the last one of these

thirty days is the record that must stand. No later amendment could be recorded within the thirty days, and so be in compliance with the statute requirement. A record which is a muniment of title, and which must exist as such within thirty days, or not at all, cannot be subsequently amended so as to make that good, which never was good within the thirty days.

The foreclosure relied upon by the defendant is, therefore, ineffectual to give him absolute title. It is unnecessary to decide, and we do not decide, the other questions discussed by counsel, namely, whether the publication of notice as described in the register's certificate was sufficient, and if not, then whether proper publication in fact may be otherwise shown.

The plaintiff is entitled to redeem. In accordance with the stipulation, the case is to be remanded to the court below to ascertain the amount due on the mortgage.

*Bill sustained with costs.*

*Case remanded in accordance with stipulation.*

---

EMERY, PEABODY and SPEAR, JJ., dissenting.

We dissent for the following reasons among others.

I. Our system of registration of titles is wholly the creature of statute. The registering officer is purely a statutory officer. He has only statutory duties which of course he must perform carefully and faithfully. The statute requires the register of deeds to minute on the instrument to be recorded the day and time of day when received. R. S., ch. 7, § 15. It does not require him to minute such time, or any time, on the page where the instrument is eventually recorded. The majority opinion concedes this, but proceeds to add that duty to his statutory duties. This seems to us legislation, which the constitution forbids the court to undertake.

The Legislature has required the town clerk, as a registering officer of chattel mortgages, to note the time *on the record* as well as on the instrument. R. S., ch. 91, § 2. It has made no such requirement of the register of deeds. There is no presumption that this omission

in the case of the register of deeds was unintentional, but if it be a casus omissus and much inconvenience and loss must result unless the omission be supplied, it is for the Legislature, and not for the court, to supply it. *Parsons* v. *Copeland,* 33 Maine, 370, 375. A general custom of registers of deeds to note upon the page of the record the time when recorded is assumed without evidence, but such a custom, if it exists, cannot make a statute nor add to one. Suppose this register to be indicted for this omission, will the court convict and punish him criminally because of the custom of other registers, without any statute? Can other registers make a law to convict him?

II. The register of deeds was authorized by the statute to record this notice of foreclosure if filed within thirty days from its last publication. For him to record it if filed after that thirty days would be an unauthorized and unlawful act. *De Witt* v. *Moulton,* 17 Maine, 418. The notice *was* recorded and there is nothing showing it to have been unlawfully recorded.

The ancient and favored rule is omnia rite acta præsumuntur. It has been repeatedly applied by this court to sustain interests otherwise imperilled by acts or omissions of public officers. *Treat* v. *Orono,* 26 Maine, 217; *Shorey* v. *Hussey,* 32 Maine, 579; *Blanchard* v. *Dow,* 32 Maine, 557; *Pratt* v. *Pierce,* 36 Maine, 448; *McClinch* v. *Sturgis,* 72 Maine, 468; *Snow* v. *Weeks,* 75 Maine, 105, 108; *Maxcy* v. *Bowie,* 96 Maine, 435. The majority of opinion, however, holds in effect that it must be presumed, not only prima facie but conclusively, that the record was unlawfully made, and that the register was guilty of an illegal act. No authority is cited in support, and we think none can be found.

III. The report of the case shows that the mortgagee in fact did all that the statute required of him to perfectly foreclose the mortgage. He caused the proper notice to be published in the proper newspaper, and within thirty days after its last publication furnished to the register of deeds a copy thereof to be recorded, and the register "received" it for record within that time. There was nothing more for the mortgagee to do, or that he could do. The register

was not his agent. The State then took charge of the procedure through its own agent, or officer, the register. The report authorizes us to assume that the register minuted on the copy of notice furnished him, the time when it was received, and hence when to "be considered as recorded." The only slip by anybody, according to the report, was the omission to also minute on the record the time when received, if that be a slip. This slip was not that of the mortgagee nor of his agent, but solely that of the State's officer, the register.

We think reason and authority both hold that the mortgagee having fully complied with the State's requirements should not suffer from a subsequent omission of the State's officer, but that the consequences should fall on the searcher, who after all only relies on such visible omission to establish his own title. We are to assume, as above stated, that the register minuted upon the copy of the copy of the notice the time when received for record. In *Gillespie* v. *Rogers*, 146 Mass. 610, 612, the court declared the law as follows : " If the recording officer places upon it (the instrument to be recorded) his certificate that it has been so received, even though he afterwards fails in his duty, by recording it inaccurately, by omitting material portions of it, or even by altogether suppressing it from the records, yet in contemplation of law the whole world has constructive notice of it, just the same as if it had been accurately copied in full upon the records. It is obvious that, under this rule, one searching the records may fail to find all that is necessary for his protection; but nevertheless he will be bound." See cases cited in that opinion, especially *Sykes* v. *Keating*, 118 Mass. 517, 519; also see *Monaghan* v. *Longfellow*, 81 Maine, 278; *Maxcy* v. *Bowie*, 96 Maine, 435; *Lewis* v. *Hinman*, 56 Conn. 55; *People* v. *Bristol*, 35 Mich. 28; *Nichols* v. *Reynolds*, 1 R. I. 30; *Chase* v. *Bennett*, 58 N. H. 428; *Mutual Life Ins. Co.* v. *Dake*, 87 N. Y. 217; *Bigelow* v. *Topliff*, 25 Vt. 273; *Steam Stone Cutter Co.* v. *Sears*, 23 Fed. Rep. 313; *Lytle* v. *Arkansas*, 9 How. (U. S.) 314; 1 Devlin on Deeds, 686. All the above cases and many others sustain the doctrine that the person seasonably filing the instrument for record is protected, and the consequences of the recording officer's subsequent omissions fall upon the searcher of the records. Only one case is cited in the

majority opinion on this point, *Hill* v. *McNichol*, 76 Maine, 314, in which there was not an omission, something left out, as here, but a complete record apparently full and correct, with nothing to suggest to the searcher any error or incompleteness. In the case at bar, the incompleteness was apparent and it was also apparent that the incompleteness was the error of the register. Even if it could not be presumed that the record was in fact seasonably made nothing appearing to the contrary, the record was made and was visible. It put the searcher upon inquiry if he doubted whether seasonably made. He should not base his title on such an omission.

The effect of the majority opinion is to deny the citizen, without fault of his, an acknowledged legal right earned by his full performance of every legal duty imposed upon him, and though not necessary to protect the rights of innocent third parties. This seems to us an injustice which could be easily avoided by a reasonable application of approved legal principles.