In Equity.

## Cora B. Carll *vs*. Theodore Kerr.

### Cumberland.   Opinion January 2, 1914.

*Appeal.   Conveyance.   Equity.   Foreclosure.   Jurisdiction.   Mortgage.*
*Redemption.   Tender.*

The plaintiff acquired title by administrator's deed to the real estate described in her bill upon which there were two mortgages, given by the intestate to a bank and by said bank assigned to Rena L. Carll, and by Rena L. Carll to the defendant. On the 21st day of October, 1911, the defendant began foreclosure proceedings by publication, the dates of publication being November 3-10-17 1911. The plaintiff claimed to have first learned of the

mortgages on September 20, 1912. She consulted an attorney, who inquired by telephone of the Register of Deeds as to the date of the first publication, and was informed that it was November 17, when, in fact, that was the date of the last publication. Her attorney then wrote defendant for statement of the amount due on the mortgages and the expense of foreclosure. To this request, the defendant made no reply. November 16, 1912, plaintiff called on defendant prepared to pay the amount due on mortgages and expense of foreclosure. The defendant informed her that the year of redemption had expired and refused to accept the money.

*Held:*

1. That the time in which a mortgage may be redeemed, is clearly fixed by statute and the court cannot enlarge it.

2. That this case does not fall within the rule of mistake or accident which would give the court equity jurisdiction.

3. If the defendant received the request for a statement of the amount due and did not reply thereto it would not be acting so negligently, unequitably and contrary to law as to give the court jurisdiction on the ground of fraud.

4. The decision of a single Justice upon matters of fact in an equity hearing should not be reversed, unless it clearly appears that such decision is erroneous.

On appeal by the defendant. Appeal sustained. Bill dismissed without costs.

This is a bill in equity in which the plaintiff prays that an account may be taken of the sums equitably due the defendant on each of said mortgages; that the plaintiff may be allowed to redeem said mortgaged premises by paying to the defendant such sums as may be due the defendant by said account, and that the defendant may be ordered upon payment of said sum to release all his right and title in said premises to the plaintiff.

In 1897, one Sabra B. Carll was the owner in fee of certain real estate in Saco and described in plaintiff's bill. May 5, 1897, she mortgaged the premises to the Saco Savings Bank for $200, and March 8, 1898, she mortgaged the same premises to said Bank for $100. The Bank assigned the two mortgages to Rena L. Carll and same were assigned by Rena L. Carll to the defendant. Sabra B. Carll died leaving these mortgages unpaid, and the premises thus mortgaged were conveyed to the plaintiff by the administrator of the estate of Sabra B. Carll. On October 21, 1911, the defendant began foreclosure proceedings by publication, the dates of publica-

tion being November 3, 10, 17, 1911. The plaintiff claimed that she first knew of these mortgages September 20, 1912. Her attorney communicated by telephone to the Register of Probate and inquired as to the first date of publication, and was informed that it was November 17th, when, in fact it was November 3d, and thereupon wrote defendant for the amount due on said mortgages but received no reply. On the 16th day of November, 1912, plaintiff saw defendant and tendered to him the amounts due and was told by him that the equity of redemption had expired.

The single Justice who heard the case decreed that there had been accident and mistake as alleged in the bill and that justice and equity required the granting of the several prayers in the bill. The defendant appealed from said decree to the Law Court.

The case is stated in the opinion.

*Cleaves, Waterhouse & Emery,* for plaintiff.

*Charles G. Keene, and William C. Eaton,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, PHILBROOK, JJ.

PHILBROOK, J. Bill in equity, heard before a single Justice, the parties agreeing that such hearing "was to be final save the right of appeal."

In 1897 Sabra B. Carll was the owner in fee simple of certain real estate in Saco. On May 5th of that year she mortgaged the premises to the Saco Savings Bank for two hundred dollars. On March 8th of the following year she mortgaged the same property to the same Bank for one hundred dollars. The Bank assigned the two mortgages, and the notes which the mortgages were given to secure, to Rena L. Carll on September 25th, 1908, and the same were assigned by Rena L. Carll to the defendant, Theodore Kerr, on September 10th, 1910. All the mortgage deeds and assignments were duly recorded. Sabra B. Carll died leaving the mortgage notes unpaid and the premises were conveyed to the plaintiff, Cora B. Carll, by Guy Carll, administrator of the estate of Sabra. The date of the death of Sabra and the date of the conveyance to the plaintiff do not appear in the record. The administrator's deed to the plaintiff contained no reference to the mortgages, and the plaintiff claims that she had no actual knowledge of their existence until September

20th, 1912. Meanwhile, to wit, October 21st, 1911, the defendant began foreclosure proceedings by publication, the date of publications being November 3d, 10th and 17th, 1911. On the 20th of September, 1912, the plaintiff, having that day discovered the existence of the mortgages and the proceedings to foreclose, consulted an attorney at Biddeford, who telephoned to the Register of Deeds at Alfred for information as to the date of the first publication of the foreclosure proceedings. The Register replied that it was November 17th when, as above stated, the first publication was in fact November 3d, 1911. The plaintiff was advised by the attorney that she could pay the amount due on the mortgage any time prior to November 17th, 1912. On the same 20th of September the firm of which the attorney was a member wrote the defendant stating that it was acting in behalf of the plaintiff and requested a statement of the amount due on the mortgages. The envelope was addressed to the defendant at Westbrook, which is the city alleged in the bill to be the residence of the defendant, and bore a return request of the firm. The defendant denied that he ever received the letter but it appears that the same was never returned to the writer. On the 16th of November, 1912, the plaintiff called on the defendant and tendered payment of the mortgages but was informed that the equity of redemption had expired and payment was declined. At the hearing below, the defendant testified that he had never been informed of the fact that the plaintiff desired to redeem the mortgages until the time of the call on November 16th. Albert W. Cole, a witness for the plaintiff, testified that the premises were worth at least twelve hundred dollars, while the defendant estimated that the value of the premises did not exceed nine hundred dollars. The record is silent at to the amount which the defendant paid for the mortgages or as to how much interest had accrued since the assignment of the same to him.

The plaintiff now brings this bill, alleging that through accident and mistake injustice has been done and prays that she may be allowed to redeem the mortgages by the payment of all sums found justly due the defendant, and that defendant be ordered to give her a deed of the premises. The decree of the presiding Justice who heard the case declared that there had been accident and mistake as alleged in the bill and that justice and equity required the granting of the several prayers in the bill.

The decision of a single justice upon matters of fact in an equity hearing should not be reversed unless it clearly appears that such decision is erroneous. The burden of establishing that error is upon the appellant and he must show that the decree appealed from is clearly wrong, otherwise it will be affirmed. *Young* v. *Witham,* 75 Maine, 536; *Paul* v. *Frye,* 80 Maine, 26; *Berry* v. *Berry,* 84 Maine, 541; *Bartley* v. *Richardson,* 91 Maine, 424.

But the respondent, in his appeal, claims that the decree below was error in law, and that on this ground it should be set aside and the bill dismissed.

These mortgages were in the form customarily used in this State and provided that the right of redeeming the mortgaged premises should be forever foreclosed in one year next after the commencement of foreclosure proceedings. One of the methods of foreclosure provided by statute is that of publication and the Legislature has declared that the year of redemption should begin with the date of the first publication which, in this case, was November 3, 1911, and close one year later. Has this court in equity power, under the circumstances in this case, to extend the time thus fixed by statute? We think not. In *McPherson* v. *Hayward et al.,* 81 Maine, 329, which was a bill in equity to redeem a mortgage, our court has said: "The duration of the mortgagor's right to redeem is clearly defined by law, and one the court cannot abridge or enlarge by a single day."

In *Rockland* v. *Water Co.,* 86 Maine, 55, we find the following: "The statute of 1891, chapter 91, specially giving equity jurisdiction over the foreclosure of mortgages, may not mean more than to declare the law and make it plain in such matters. That is, given an equitable remedy where the nature of the case requires special aid from the equity side of the court, to make the remedy complete and save the parties, perhaps from irreparable loss. *Manifestly the statute periods of redemption are not repealed or otherwise modified.*"

Our attention has been called to *Cameron* v. *Adams,* 31 Mich., 426, which seems to be much in point. In that case the complainant, during the year in which the equity of redemption was running, became dangerously ill, was unable to attend to business, and was delirious much of the time. He invoked the aid of the equity court because of this misfortune which, he claimed, prevented him from

redeeming his mortgaged premises. Aid was denied him, and, among other things, the court said: "Courts of equity have large powers for relief against the consequences of inevitable accident in private dealings, and may doubtless control their own process and decrees to that end. But we think there is no such power to relieve against statutory forfeitures. Where a valid legislative act has determined the conditions on which rights shall vest or be forfeited, and there has been no fraud in conducting the legal measures, no court can interpose conditions or qualifications in violation of the statute. The parties have a right to stand upon the terms of the law. This principle has not been open to controversy, and is familiar and elementary." In the same case it was declared that inadequacy of price alone was not a vitiating factor in the proceedings, and in conclusion the court there said: "The case is one of much hardship, and it is much to be regretted that the complainants have been deprived of their estate by the rigorous effect of provisions which take no account of misfortunes. But courts of equity cannot assume any censorship to condemn parties for doing what the courts cannot prevent. They can only redress wrongs within their jurisdiction."

The plaintiff, in the case at bar, complains that the respondent "negligently and inequitably and contrary to law," refused and refrained from answering the letter of September 20, 1912, asking for information as to the amount due on the mortgages. Upon this contention, we refer to *Sanborn* v. *Dennis,* 9 Gray, 208, where the complainant contended, in a proceeding like the one at bar, that the neglect of the respondent to render an account had unfairly prevented redemption and that the time of redemption should therefore be extended, but the court overruled the contention.

Under the facts in this case, the plaintiff is without equitable remedy, and the mandate should be,

*Appeal sustained.*
*Bill dismissed without costs.*