ERNEST E. HIGGINS *vs.* EVA SMITH.

Washington.    Opinion November 13, 1919.

*Mortgages.    Foreclosure of same.    Where foreclosure is by publication necessity of*
*showing certificate of register of deeds that the publication was in a paper in*
*the county where the land was situated.*

In proceedings to foreclose a real estate mortgage by publication, a certificate of
the register of deeds which fails to state that the notice of foreclosure was
published in a newspaper published and printed in whole or in part in the
county where the premises are situated is so defective as to invalidate the fore-
closure proceedings.

Action of forcible entry and detainer.    The plaintiff claiming title
to the premises in question under and by virtue of the foreclosure of a
certain mortgage which had been assigned to him.    Case was reported
to Law Court upon an agreed statement of facts.    Judgment in
accordance with opinion.

Case stated in opinion.

*Gray and Sawyer*, for plaintiff.

*R. J. McGarrigle*, for defendant.

SITTING:  CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL,
DEASY, JJ.

PHILBROOK, J.    This is an action of forcible entry and detainer,
coming to this court on an agreed statement of facts.    Counsel on
both sides, in argument, have travelled slightly beyond the bound-
aries of the agreed statement, but we must be limited to the record.

According to that record, the chronology of the case appears to be
as follows:    The title to the premises was originally in Fred P. Smith.
He died March 7, 1913, leaving a widow, the defendant in this action,
and three minor children.    On October 12, 1913, this defendant
caused the buildings to be insured in her own name.    On November
10, 1913, the dwelling house was destroyed by fire and in 1914 the

defendant built the dwelling house now upon the lot. On March 8, 1915, the defendant mortgaged the lot and buildings thereon, with the usual covenants of warranty, purporting to convey the whole title, to Edgar Small, This mortgage was duly recorded. On November 19, 1915, this mortgage, and the debt thereby secured, were assigned by Small to the plaintiff, which assignment was duly recorded. The mortgage was foreclosed February 3, 1917, by publication.

The notice of foreclosure was forwarded to the Register of Deeds who made the following record: "County of Washington, ss; Machias, Maine, March 2, 1917. I hereby certify that the foregoing notice has been published three weeks successively in a newspaper called the Machias Republican, in the County of Washington, the first publication bearing date the third day of February, 1917, and the last publication bearing date of the seventeenth day of February, 1917, and that the same was entered for record on the second day of March, 1917." Thus it will be observed that the certificate failed to show that the newspaper was "published and printed in whole or in part in the county where the premises are situated." The defendant says this omission makes the foreclosure proceedings fatally defective. The plaintiff says that the omission may be cured by. a deposition from the Register of Deeds to the effect that the omission was inadvertent. The printed record contains no such deposition, nor is there anything in the record to show that such a deposition is properly before us. Since a defective record is not notice in cases of foreclosure by publication, it must follow that as the case now stands before us, the foreclosure proceedings are null and void. *Stafford* v. *Morse*, 97 Maine, 222; *Bragdon* v. *Hatch*, 77 Maine, 433; *Hollis* v. *Hollis*, 84 Maine, 96; *Savings Bank* v. *Lancey*, 93 Maine, 422; *Wyman* v. *Porter*, 108 Maine, 110.

*Plaintiff nonsuit.*