■ NEW YORK GUARDIAN MORTGAGEE CORP., Respondent, v BENITO RODRIGUEZ et al., Appellants, et al., Defendants.—In an action to foreclose a mortgage, the defendant mortgagors appeal from an order of the Supreme Court, Suffolk County (Orgera, J.), dated January 5, 1987, which denied their motion to set aside a foreclosure sale and order a resale.

Ordered that the order is reversed, on the law and on the facts, with costs, and the case is remitted to the Supreme Court, Suffolk County, for a hearing consistent herewith.

A foreclosure sale of the appellants' home, which was scheduled for September 19, 1986, was adjourned when the appellants were able to tender checks sufficient to satisfy the foreclosure judgment. For reasons not relevant to this appeal the checks were stopped and a resale was scheduled. The notice of resale was duly published in a local newspaper on September 25, 1986, scheduling the sale for September 30, 1986. The appellants allege that on September 29, 1986, a real estate agent, on their behalf, called the office of the plaintiff's attorney and was told by a secretary that the sale was scheduled for October 2. Moreover, the appellants' attorney claims that he was told directly by the plaintiff's attorney that

the sale was set for October 2. The plaintiff's attorney denied that he ever gave any representative of the appellants a specific date. On September 30, 1986, the resale was held and the appellants' home was sold. The appellants allege that if they had not been misled as to the date of the resale they could have tendered sufficient funds to satisfy the foreclosure judgment.

We note that the notice of sale published on September 25, 1986, was proper in all respects and satisfied the requirement of RPAPL 231 *(see, Buttermark Plumbing & Heating Corp. v Sagarese,* 119 AD2d 540, *lv denied* 68 NY2d 607; *Guardian Fed. Sav. & Loan Assn. v Horse-Hawk Holding Corp.,* 72 AD2d 737).* Accordingly, since the notice itself was not deficient the court could not set aside the sale by relying on the provisions of RPAPL 231. However, it is well settled that this court may invoke its equity power and set aside a judicial sale where that sale may have been the result of fraud, mistake or exploitative overreaching *(see, Guardian Loan Co. v Early,* 47 NY2d 515, 521; *Glenville & 110 Corp. v Tortora,* 137 AD2d 654; *Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400).* Since the appellants allege that they would have been able to satisfy the foreclosure judgment had they not been misled as to the date of the sale there would be sufficient reason to set aside the sale if the appellants can prove their claims *(cf., Guardian Loan Co. v Early, supra; Long Is. City Sav. & Loan Assn. v Suggs,* 78 Misc 2d 16).* Considering the conflicting allegations made by the parties a hearing is required to determine if in fact the appellants were misled as to the date of the sale. Moreover, even if this should prove to be the case the appellants must show that as of date of the actual sale they had sufficient funds to satisfy the foreclosure judgment since only if such is the case will the appellants have proven that a substantial right of theirs was prejudiced by the mistake which occurred *(see, Guardian Loan Co. v Early, supra).* Kunzeman, J. P., Rubin, Eiber and Sullivan, JJ., concur.