■ HANOVER FUNDING COMPANY, Respondent, v KERI ASSOCIATES, INC., et al., Appellants, and DANIEL MALONEY, Respondent, et al., Defendant.—Yesawich Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered November 16, 1990 in Putnam County, which, *inter alia,* denied certain defendants' motion to set aside a foreclosure sale.

Plaintiff commenced an action to foreclose a $70,000 mortgage it held on real property owned by defendant Keri Associates, Inc. in the Town of Carmel, Putnam County; the mortgage was personally guaranteed by defendants Helen M. Regan and Jeffrey L. Regan. The property consisted of two adjoining lots, one of which was improved and subject to a

prior mortgage for a principal sum in excess of $400,000 held by Rockland County Savings Bank.

In March 1990, a judgment of foreclosure and sale was entered directing that the property be sold as one parcel at public auction to be held at the Putnam County Courthouse. The sale was thereafter advertised but, at the request of Keri Associates, Helen Regan and Jeffrey Regan (hereinafter collectively referred to as defendants) and in exchange for adjournment fees totaling $17,000, was postponed several times to enable defendants to obtain a purchaser or additional financing to bring the mortgage up to date. The sale was eventually conducted on September 4, 1990 and defendant Daniel Maloney purchased the property for $99,100. Thereafter, defendants moved to set aside the sale due to defects in the notice of sale and the sale itself, claimed unfairness on the part of Maloney who allegedly induced them and their financial backer not to bring funds necessary to buy the property to the sale, and because of the supposedly shockingly low sale price. In addition, defendants sought an order directing a sale de novo and to have plaintiff apply the $17,000 paid to it against principal and interest due on the mortgage because those payments were assertedly usurious. After granting Maloney's cross motion to intervene, Supreme Court denied defendants' motion, prompting the latter to appeal. We affirm.

As noted by Supreme Court, any irregularities in advertising the sale were de minimis. Defendants, who were present at the foreclosure sale with their counsel and their alleged financial backer, never objected to its being held at the Putnam County Office Building rather than the Putnam County Courthouse, which at the time was undergoing construction and was allegedly being picketed. Nor did they present evidence that they were prejudiced by the change in location, the failure of the notice of sale to include the precise conditions of sale required by the court, or a misstatement in the notice of adjourned sale that the parcels would be sold separately rather than as one parcel (see, RPAPL 231 [6]; *Associates Fin. Servs. v Davis,* 133 AD2d 601, 602, appeal dismissed 71 NY2d 889, *lv denied* 72 NY2d 802). Moreover, given the amount of the first mortgage held by Rockland County Savings Bank on the improved parcel, defendants have not submitted proof warranting a conclusion that the foreclosure sale price was so grossly inadequate as to require nullifying the sale (see, *Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400, 407, 409-410).

And defendants' controverted sworn allegations that they

were purposely misled by Maloney and his attorney as to Maloney's intention to sign a contract to purchase the property on the morning of the sale, thereby furnishing them with sufficient funds to enable them to bid at the foreclosure sale, although detailed, do not establish fraud. The alleged promise was verbal *(see,* General Obligations Law § 5-703) and was preceded by over eight months of unsuccessful negotiations such that defendants' reliance was unjustified *(see, New York State Urban Dev. Corp. v Garvey Brownstone Houses,* 98 AD2d 767, 770; *White v Magee,* 85 AD2d 858; *cf., New York Guardian Mortgagee Corp. v Rodriguez,* 139 AD2d 711, 712). More importantly, it did not inhibit defendants from bidding, for it is conceded that they, their counsel and their alleged financial backer did indeed attend the foreclosure sale. We think it particularly noteworthy that when defendants realized that there would be no contract with Maloney, they did not request an adjournment of the sale to obtain the requisite funds with which to bid *(see, Alben Affiliates v Astoria Term.,* 34 Misc 2d 246, 248).

Defendants' remaining argument that the adjournment fees are subject to the criminal usury statute *(see,* Penal Law § 190.40), and should be credited against principal due on the loan, is unpersuasive given the absence of evidence in the record that plaintiff had the requisite usurious intent *(see, Orvis v Curtiss,* 157 NY 657, 661; *Lehman v Roseanne Investors Corp.,* 106 AD2d 617, 618; 72 NY Jur 2d, Interest and Usury, § 62, at 85).

Mikoll, J. P., Levine, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs to defendant Daniel Maloney.