2000 ME 73

**The CADLE COMPANY**

v.

**LCM ASSOCIATES et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 29, 2000.

Decided April 25, 2000.

James L. Audiffred, Saco, for plaintiff.

Mark A. Kearns, Wells, for defendants.

*Before* WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] LCM Associates, a general partnership, appeals the deficiency judgment entered against it and in favor of The Cadle Company by the Superior Court (York County, *Brennan, J.*) in this foreclosure action. LCM contends that Cadle is not entitled to a deficiency judgment because it failed to follow the requirements of 14 M.R.S.A. § 6323 (1980 & Supp.1999). We vacate the judgment.

## I. FACTS AND PROCEEDINGS

[¶ 2] LCM granted a mortgage to a predecessor of Cadle on a condominium unit in Kennebunkport to secure a loan in the amount of $104,000. The mortgage was assigned several times, and eventually it was obtained by Cadle. LCM defaulted on its obligations, and Cadle filed a foreclosure action. *See* 14 M.R.S.A. § 6321 (Supp.1999). The Superior Court (*Brodrick, J.*) issued a foreclosure judgment on August 23, 1995, in which it was determined that LCM owed Cadle $120,511.70. LCM did not exercise its right of redemption, and Cadle published a notice of sale of the property on January 10, 17, and 24, 1996. *See* 14 M.R.S.A. § 6323. The public sale was held on February 2, 1996, and Cadle purchased the property for $17,000.

[¶ 3] Over a year later, Cadle requested a writ of execution. LCM objected to the request on the grounds that Cadle failed to file a report of sale or obtain an independent appraisal of the property. Cadle thereafter filed a report of sale but without an appraisal. LCM objected to the report of sale, and Cadle withdrew its request for a writ of execution. Cadle then filed a motion to extend the time in which a foreclosure sale could be held. The Superior

Court (*Crowley, J.*) denied the motion and also denied Cadle's motion for relief from judgment.

[¶ 4] On March 31, 1998, Cadle again requested a writ of execution, which was again objected to by LCM. The court (*Crowley, J.*) held that Cadle had not complied with 14 M.R.S.A. § 6324 (Supp.1999), and that no writ of execution was to issue. The parties stipulated to an order stating that title to the mortgaged property rested solely in Cadle and that the parties were free to pursue any possible deficiency or assert any objections to a deficiency request. Finally, on March 10, 1999, Cadle filed a report of sale with an appraisal. LCM objected to the report, on the grounds that Cadle had failed to follow the time requirements of section 6323 and that Cadle's three-year delay in filing the report of sale and appraisal made the report untimely under section 6324.[1] After a hearing, the court issued a deficiency judgment of $106,433.70.

## II. THE TIMELINESS OF THE PUBLIC SALE

■ [¶ 5] LCM argues that because Cadle held the public sale of the foreclosed property several days before it should have, it is not entitled to a deficiency judgment. Section 6323 requires the mortgagee to publish the notice of public sale "once in each of three successive weeks," and the sale must be held "not less than 30 days nor more than 45 days after the first date of that publication." The parties do not dispute the fact that the sale was held six days sooner than the statute allows.[2] We have not been called upon previously to determine the effect of a sale held prior to the statutory time period.

---

1. LCM also objected on the ground that the foreclosure judgment itself allowed for a writ of execution to issue for any deficiency "provided that the statutory requirements are met." LCM argues that one of the statutory requirements is the time period in section 6323 within which the sale must occur and even if the statutory language is deemed not mandatory, the incorporation of the statutory

language into the foreclosure judgment indicates that the court mandated strict adherence to the time period.

2. LCM does not claim that the sale was held on a different date from that stated in the notices.

[¶ 6] This foreclosure was initiated by civil action pursuant to section 6321, and this relatively new means of foreclosure is presently the most utilized form of foreclosure. The older methods of foreclosure are foreclosure by possession, *see* 14 M.R.S.A. § 6201 (1980 & Supp.1999); foreclosure without possession, also known as foreclosure by publication or by notice, *see* 14 M.R.S.A. § 6203 (1980 & Supp.1999); and foreclosure by sale, which is available only in limited circumstances, *see* 14 M.R.S.A. § 6203–A (Supp.1999). Our decisions hold that the statutory requirements for these older types of foreclosures be strictly followed. *See Winter v. Casco Bank and Trust Co.,* 396 A.2d 1020, 1022–24 (Me.1979) (vacating judgment and holding statutory requirement of attestation of copy of notice to mortgagor not satisfied by mere appearance of word "attested"); *Higgins v. Smith,* 118 Me. 312, 313, 108 A. 102, 103 (1919) (holding foreclosure by publication invalid because certificate of publication failed to state that newspaper was "published and printed" in county where real estate was located); *Freeman v. Atwood,* 50 Me. 473, 474–75 (1862) (holding right of redemption not barred because certificate did not state time of entry of possession as required by statute).

[¶ 7] We have also held that courts do not have the power to extend the time limits in the foreclosure statutes. *See Stafford v. Morse,* 97 Me. 222, 224–27, 54 A. 397, 398–99 (1902) (holding undated certificate of publication insufficient under the statute and because 30–day time period for recording certificate had expired it could not be amended to add date); *Carll v. Kerr,* 111 Me. 365, 369, 89 A. 150, 151 (1914) (holding court could not extend one-year period of redemption because parties had "a right to stand upon the terms of the law"). Although the foreclosure in this case employed a civil action rather than an older, nonjudicial method, we can discern no principled basis to stray from the proposition established in the above cases that strict adherence to the statutory mandates is required.

[¶ 8] Cadle argues that it is entitled to the deficiency judgment because LCM failed to show that the early sale resulted in any prejudice to LCM. In support of this argument, Cadle relies on cases from two jurisdictions in which the courts refused to void foreclosure sales because the mortgagee did not adhere to the statutory sale requirements. The Michigan Court of Appeals held that a sale which took place earlier than the statute allowed rendered the foreclosure sale voidable, but not void. *See Jackson Inv. Corp. v. Pittsfield Prod., Inc.,* 162 Mich.App. 750, 413 N.W.2d 99, 101 (1987). The court affirmed the validity of the foreclosure sale, but it did not vacate the trial court's extension of the period of redemption to the mortgagor. *See id.* New York courts have refused to set aside a foreclosure sale unless the mortgagee showed prejudice caused by a defective sale notice.[3] *See Hanover Funding Co. v. Keri Assoc., Inc.,* 180 A.D.2d 945, 580 N.Y.S.2d 530, 531 (1992) (finding that de minimis irregularities which cause no prejudice do not void the sale). These cases, relied on by Cadle, differ from the instant case in that LCM is not requesting that the sale be voided. Indeed, the parties agreed that Cadle held title to the real estate. LCM's request is that Cadle be denied any deficiency resulting after the sale.[4]

---

**3.** Cadle also relies upon an Illinois case in which the court denied the mortgagor's motion to set aside the sale because of defects in the publication and notice of sale. *See Cragin Fed. Bank for Sav. v. American Nat'l Bank and Trust Co. of Chicago,* 262 Ill.App.3d 115, 199 Ill.Dec. 215, 633 N.E.2d 1011 (1994). That court, however, relied upon a statute providing that no sale was to be set aside because of defects in the notice or its publication except upon a showing of good cause. *See id.* at 1013. The court noted that prior to the enactment of the statute, sales were vacated when a mortgagee failed to follow the statutory requirements. *See id.* at 1014.

**4.** Because LCM contests only the deficiency determination, the question of the validity of the sale is not before us.

[¶ 9] The Legislature had a purpose in enacting the time periods in section 6323. The time period between publication and sale gives the public a sufficient interval to consider a purchase of property by viewing the property or arranging potential financing or investigating any of the numerable factors that bear upon a purchase of real estate. The time period provides the likelihood that more members of the public will be able to react to the notice by actually bidding on the property. This is a benefit to the mortgagor because of the potential that the property will be sold for a higher price than it would if the mortgagee was the only bidder, thus providing protection against a self-dealing mortgagee. To accept the position of Cadle and require the mortgagor, who is the beneficiary of the statutory notice requirement, to prove prejudice when the mortgagee is the party who violates the statute, renders the time limit virtually meaningless. Proving prejudice, by demonstrating that the sale price would have been higher if the time limits had been followed, is an onerous burden because of the difficulty in finding people who would have bid at the sale if it had been held at the required time. We hold that a mortgagee must adhere to the statutory time requirements of section 6323 if it intends to seek a deficiency judgment, absent unusual or exceptional circumstances, which are not present in this case.[5]

The entry is:

Deficiency judgment vacated.

---

[5]. Because we vacate the deficiency judgment on the ground that Cadle failed to adhere to the section 6323 time requirements, we do not reach LCM's other issue on appeal which is that Cadle's delay of three years in submitting a report of sale with an appraisal should deprive it from obtaining a deficiency judgment. *See Brickyard Assoc. v. Auburn Venture Partners*, 626 A.2d 930, 932–33 (Me.1993) (holding that 17–month delay in submitting report of sale was not unreasonable).