STATE OF MAINE
PISCATAQUIS, SS.

DONALD L. GARBRECHT
LAW LIBRARY

JUN 23 2000

SUPERIOR COURT
Docket No. CV-97-22
JLH - PIS - 6/19/2000

Richard Burwell et al.,           )
                Plaintiffs        )
                                  )
                                  )
        v.                        )        **ORDER**
                                  )
                                  )              **RECEIVED & FILED**
                                  )                 JUN 19
T-M  Corporation,                 )                ~~JUN 20~~ 2000
                Defendants        )

                                           **PISCATAQUIS COUNTY**
                                               **Clerk's Office**

Pending before the court is the plaintiffs' motion for judgment on the pleadings. This motion relates to that part of the action (raised in the complaint and counterclaim) which concerns the validity of a foreclosure without possession attempted by the defendants against the plaintiffs.

The plaintiffs' motion is predicated on some of the allegations of the complaint that were admitted in the defendants' responsive pleading. Such allegations are deemed to be established in this case. *See* M.R.Civ.P. 8(d). The pertinent allegations, admitted by the defendants, are:

(1) that the defendants served notices of foreclosure pursuant to 14 M.R.S.A. § 6203(2)[1] on Christopher S. Neagle, Esq.;

(2) that that service of all such notices was made on May 10, 1996; and

(3) that all such notices were recorded in the registry of deeds on June 24, 1996.

---

[1] Copies of the notices of foreclosure are appended to the complaint as exhibits and incorporated by reference into the body of the complaint.

1

In pertinent part, section 6203(2) specifies the procedures governing a foreclosure without possession in the following way:

> He [the mortgagee] may cause an attested copy of such notice to be served on the mortgagor or mortgagors. . .by the sheriff of the county where the mortgagor. . .resides, or his deputy, by delivering it to him in hand or leaving it at his last and usual place of abode; and cause the original notice and the sheriffs's return thereon to be recorded within 30 days after such service.

Here, the pleadings establish that the original notice of foreclosure without possession was not filed within 30 days of the date of service. The statutory requirements for foreclosure without possession must "be strictly followed." *See The Cadle Co. v. LCM Associates*, 2000 ME 73, ¶ 6, ___ A.2d ___, ___. Here, the defendants-mortgagees failed to comply with this statutory requisite for foreclosure without possession.

The defendants argue that the plaintiffs have lost their right to challenge compliance with the foreclosure process because the plaintiffs have lost their right of redemption under section 6204. However, the mortgagor's right to redeem the mortgaged premises, and the consequences for failing to redeem the premises, can arise only when the mortgagee has properly asserted its right to foreclose. Here, the defendants have failed to do so. Thus, the redemption period prescribed in section 6204 never commenced; and the defendants-mortgagees have not triggered the series of events that would lead to the plaintiffs'-mortgagors' right to redeem or, alternatively, to the loss of their right to do so.

The court need not and does not reach the plaintiffs' remaining argument that section 6203(2) requires service of the notice of foreclosure on the mortgagors directly and does not allow such service on a

2

mortgagor's agent (such as an attorney).

The entry shall be:

For the reasons set out in the order dated June 19, 2000, the plaintiffs' motion for judgment on the pleadings is granted in part. Upon entry of a final judgment in this matter, judgment on the complaint and on the relevant part of the counterclaim shall declare that the notices of foreclosure of liens recorded in the Piscataquis County Registry of Deeds in book 1039, pages 138, 150, 153 and 156 are null and void and of no force or effect. The defendants shall be ordered to record a discharge of those notices and purported liens.

This order shall not affect the defendants' remaining claims for money damages.

Dated: June 1 , 2000

_____
JUSTICE, SUPERIOR COURT

3