STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    Docket No. RE-12-92


HSBC BANK USA N.A.

        Plaintiff

                                    STATE OF MAINE
v.                                  Cumberland ss Clerk's Office ORDER

                                         AUG 13 2014

PATRICK H. GORDON, et al,                RECEIVED

        Defendants


        Before the court is the objection of defendant Patrick Gordon to the amended report of

sale filed by plaintiff HSBC Bank USA N.A.[1] Gordon does not contest the validity of the sale

but contends that, because the statutory procedures for a public sale were not followed, the report

of sale should be rejected and no deficiency judgment can be sought.

        Gordon's objection rests on the delay of proceeding with the public sale. The judgment of

foreclosure was docketed on November 21, 2012. The 90 day redemption period therefore

expired on February 19, 2013. A Notice of Public Sale was published scheduling the foreclosure

sale for Wednesday February 20, 2013. According to Gordon's objection – which is not disputed

by HSBC – the February 20 sale was adjourned for seven days by counsel for HSBC and on

every succeeding Wednesday the sale was adjourned again by counsel for HSBC for another

seven days until a sale was finally made on November 27, 2013 to the only bidder who registered

on that date. This was 281 days after the redemption period had expired.

        Gordon argues that 14 M.R.S. § 6323(1) sets a maximum time period of 135 days after

the redemption period in which the sale must be held unless an extension is sought from the

court upon a showing of good cause pursuant to 14 M.R.S. § 6323(3). He relies on language in

_____

[1] Gordon originally objected to the initial report of sale that was filed on March 27, 2014. Thereafter
HSBC filed an amended report of sale to which Gordon reiterated his objections. The court understands
that Gordon's objections and HSBC's response to those objections now apply to the amended report of
sale.

section 6323 that the first publication of the notice of public sale is to be made "not more than 90 days after the expiration of the period of redemption" and that the public sale itself "must be held not. more than 45 days after the first date of that publication." HSBC responds that section 6323(1) also expressly provides that the public sale "may be adjourned for any time not exceeding 7 days and from time to time until a sale is made, by announcement to those present at each adjournment."

Statutes should be interpreted to avoid illogical results, State v. Brown, 2014 ME 79 ¶ 14, and it would be illogical to conclude that the Legislature intended that the carefully articulated deadlines in section 6323 can be altered by an indefinite series of adjournments at the discretion of the mortgage lender. If the legislature had intended the result n this case, it would have enacted a statute setting for the expiration of the redemption period and then made the scheduling of a public sale wholly discretionary with the lender.

In this case HSBC scheduled the public sale for the day after the redemption period expired. It could have waited for 90 days after the expiration of the redemption period to publish notice of the sale and would then have had 45 days in which to hold the sale. As a result, it could have adjourned the sale in this case some 18 or 19 times without violating the outside deadline set forth in section 6323. Instead it adjourned the sale approximately 40 times.

During all this time Gordon's liability on any deficiency judgment was being affected – first, because the amount of any deficiency judgment would be determined by the eventual sale price[2] and second, because interest and other expenses continued to accrue on the judgment amount.

Where the mortgage lender does not adhere to the time periods for foreclosure sale set forth in section 6323, the remedy is to preclude any deficiency judgment. Cadle Co. v. LCM Associates, 2000 ME 73 ¶¶ 6-9, 749 A.2d 150. A mortgage lender's remedy, if it needs

---

[2] Gordon points out that adjourning the sale until November missed the spring selling period which is thought to be more favorable for realizing the best price.

2

extensions that go beyond the time limits set forth in section 6323(1), is to seek an extension for good cause shown under section 6323(3).

Gordon's objection to any deficiency based on the November 27, 2013 foreclosure sale is therefore upheld.[3]

The entry shall be:

To the extent that the report of sale forms a potential basis for any deficiency judgment, the report is not accepted. No deficiency judgment may be sought in the above-captioned action. This order does not affect the validity of the foreclosure sale. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August 12, 2014

_____
Thomas D. Warren
Justice, Superior Court

---

[3] Gordon has also filed a motion for leave to engage in discovery and for an evidentiary hearing with respect to his objections to the Report of Sale. In light of this order, that motion is moot.

3

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

MARK KEARNS ESQ          Defendants Attorney
PO BOX 17915
PORTLAND ME 04112

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

DAN THORNHILL ESQ          Plaintiff's Attorey
MCEACHERN THORNHILL & JOHNSON
PO BOX 360
KITTERY ME 03904-0360

Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

ADAM SHUB ESQ
PRETI FLAHERTY
PO BOX 9546
PORTLAND ME 04112-9546

Plaintiff's Attorney

JEFF GOLDMAN ESQ
BINGHAM MCCUTCHEN LLP
ONE FEDERAL STREET
BOSTON MA 02110

Plaintiff's Attorney

CORIN SWIFT ESQ
BINGHAM MCCUTHEN LLP
85 EXCHANGE STREET SUITE 300
PORTLAND ME 04101

Plaintiff's Attorney