2003 ME 98

ABN AMRO MORTGAGE GROUP

v.

**Richard WILLIS et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs: July 9, 2003.

Decided: July 31, 2003.

---

Michael Haenn, Bangor, for the plaintiff.

Mark Kearns, Eliot, for the defendant.

Panel: SAUFLEY, C.J., and RUDMAN, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Richard Willis appeals from a judgment entered in the Superior Court (York County, *Brennan, J.*) granting ABN AMRO Mortgage Group's (f/k/a Atlantic Mortgage & Investment Corporation (AMIC)) foreclosure of Willis's mortgage, pursuant to 14 M.R.S.A. § 6322 (2003). Willis contends, inter alia, that ABN was required to provide him with notice of the default and an opportunity to cure, or to provide proof that notice was not required. We disagree and affirm the judgment.

[¶ 2] The property implicated in this foreclosure is located at 19 Ridgeway Circle in Waterboro and is part of Lake Arrowhead Community, a planned unit development.[1] Willis's predecessor-in-interest granted a mortgage on this property to secure a promissory note to evidence a debt to Fleet Real Estate Funding Corporation. Fleet was ABN's predecessor-in-interest.

[¶ 3] The mortgage contract includes an acceleration clause in the event of default. The contract defines "default" as "failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or ... failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument." On May 10, 1994, Willis assumed the mortgage obligation and agreed to abide by, and fulfill, all the terms and conditions stated in the promissory note and mortgage contract. On June 2, 1998, Fleet assigned Willis's mortgage to AMIC, which later became ABN—a Florida corporation. Willis's account was current on the date of assignment.

[¶ 4] In July of 1998, Willis defaulted on his obligation by submitting a check that failed to clear. He then failed to bring his account current over the next two years. ABN responded by filing a complaint in December of 2000 seeking to foreclose on Willis's mortgage, pursuant to 14 M.R.S.A. §§ 6321–6325 (2003).[2] Willis answered and asserted eight affirmative defenses, including the defense that ABN failed to comply with the notice procedure set forth in 14 M.R.S.A. § 6111(1).[3] At trial, Willis offered no evidence. The court found, inter alia, that Willis failed to sustain his burden to prove he was entitled to the benefit of subsection 6111(1), and entered a judgment in favor of ABN. This appeal followed.

---

1. Although Lake Arrowhead Community was named as a defendant in this action and filed an answer to ABN's complaint, it neither appeared at trial nor submitted a brief on appeal. The court found that Lake Arrowhead was more properly a party-in-interest than a defendant.

2. The current provisions of the judicial foreclosure proceeding statutes are identical to the versions existing in December of 2000, the date of ABN's complaint. *See* 14 M.R.S.A. §§ 6321–6325.

3. 14 M.R.S.A. § 6111(1) (2003) provides, in relevant part:
   1. Notice; Payment. With respect to mortgages upon residential property located in this State when the mortgagor is occupying all or a portion of the property as the mortgagor's primary residence and the mortgage secures a loan for personal, family or household use, the mortgagee may not accelerate maturity of the unpaid balance of the obligation or otherwise enforce the mortgage because of a default consisting of the mortgagor's failure to make any required payment, tax payment or insurance premium payment, by any method authorized by this chapter until at least 30 days after the date that written notice is given by the mortgagee to the mortgagor ... that the mortgagor has the right to cure the default by full payment of all amounts that are due without acceleration, including reasonable interest and late charges specified in the mortgage or note as well as reasonable attorney's fees.

[¶ 5] Willis's contention that ABN failed to follow subsection 6111(1)'s notice provision is an affirmative defense, and, as such, he had the burden of proving the applicability of the defense. *See Patten v. Milam,* 480 A.2d 774, 776 (Me.1984) (stating that asserting a failure to comply with statutory notice procedures is an affirmative defense, placing the burden of proof on the party raising the defense); *see also Hansen v. Sunday River Skiway Corp.,* 1999 ME 45, ¶ 11 n. 2, 726 A.2d 220, 223 (stating party raising an affirmative defense has the burden of proof). Willis did not present evidence at trial, and the court did not otherwise commit clear error in finding the existence of the facts necessary for application of section 6111(1)'s notice provision not proven. Thus, Willis failed to meet his burden of proof and his contention fails. *See Patten,* 480 A.2d at 776. Willis's remaining contentions are without merit.

The entry is:

Judgment affirmed.