STATE OF MAINE                             SUPERIOR COURT
CUMBERLAND, ss                         CIVIL ACTION
                                       DOCKET NO. RE-07-076

                                     REC-CUM-9/28/2007

MAINE STATE HOUSING AUTHORITY,
           Plaintiff

                                ORDER ON PARTIES'
v.                                   MOTIONS FOR
                                  SUMMARY JUDGMENT
JAMES MORRISSEAU and
JILL MORRISSEAU,
           Defendants

DON... JAN 15 2008

Before the Court is Plaintiff Maine State Housing Authority's Motion for Summary Judgment to foreclose a mortgage lien on property owned by Defendant James Morrisseau in Casco, Maine. Also before the Court is Defendant James Morrisseau's Cross Motion for Summary Judgment.

## BACKGROUND

In January 2002, Defendant James Morrisseau ("Morrisseau") executed and delivered a promissory note (the "note") to Homeowners Assistance Corporation ("HAC") in the original principal amount of $125,150.00. At the same time, Morrisseau also executed and delivered a mortgage deed (the "mortgage") giving HAC a security interest in the Casco property.

As part of the closing documents related to the execution of the note and mortgage between Morrisseau and HAC, Morrisseau received a notice of assignment from Downeast Mortgage Company ("Downeast") to the Plaintiff Maine State Housing Authority ("MSHA"). Downeast, however, had never been a party to any of the proceedings and Morrisseau, not knowing who Downeast was, believed the document was a mistake and apparently took no action regarding the notice of assignment, including to discover which company in fact

possessed the note and mortgage. On April 3, 2007, after this suit had been initiated, HAC signed a "Corrective" assignment of the note and mortgage from itself to MSHA (i.e., HAC simply changed the name of the assignor in the original notice of assignment from Downeast to HAC while MSHA remained the assignee). This "Corrective" assignment was recorded on May 2, 2007. Neither Morrisseau nor his attorney received a copy of this "Corrective" assignment despite the fact that it was not signed or recorded until after commencement of this action.

On October 9, 2006, Graystone Mortgage Company ("Graystone"), a loan servicer for MSHA, sent a letter to Morrisseau advising him that he was in default and had thirty (30) days to make current his account before foreclosure proceedings would begin. In its letter, Graystone did not identify the mortgagee or state its relationship with the mortgagee, but did state that Morrisseau had the right to request the name and address of the original creditor if different from the current creditor. In his Opposition, Morrisseau argues that he did not know who Graystone was and was not aware of the relationship between Graystone and MSHA and therefore "ignored" the letter. However, between March 2002 and January 2007, Morrisseau had sent fifty-nine (59) monthly installments to Graystone for the underlying mortgage loan obligation and had had several communications with Graystone, including some initiated by Morrisseau.

MSHA filed a Complaint on March 21, 2007 to foreclose on Morrisseau's Casco property. Also named as a defendant in the Complaint is Jill Morrisseau, who was married to Morrisseau until their divorce in April 2006. On May 18, 2007, MSHA moved for summary judgment to foreclose on Morrisseau's

2

property. Morrisseau opposed this Motion for Summary Judgment and filed a Cross Motion for Summary Judgment on June 4, 2007.

## STANDARD OF REVIEW

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Arrow Fastener Co., Inc. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 15, 917 A.2d 123, 126. "A court may properly enter judgment in a case when the parties are not in dispute over the [material] facts, but differ only as to the legal conclusion to be drawn from these facts." *Tondreau v. Sherwin-Williams Co.*, 638 A.2d 728, 730 (Me. 1994). A genuine issue of material fact exists "when the evidence requires a fact-finder to choose between competing versions of the truth." *Farrington's Owners' Association v. Conway Lake Resorts, Inc.*, 2005 ME 93 ¶ 9, 878 A.2d 504, 507. An issue of fact is material if it "could potentially affect the outcome of the suit." *Id.* An issue is genuine if "there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179. If ambiguities exist, they must be resolved in favor of the non-moving party. *Beaulieu v. The Aube Corp.*, 2002 ME 79, ¶ 2, 796 A.2d 683, 685.

## DISCUSSION

### I.   Morrisseau's Motion for Summary Judgment

In response to MSHA's Motion for Summary Judgment, Morriseau filed with this Court a memorandum of law in support of his opposition to MSHA's Motion and a Cross Motion for Summary Judgment. However, Morrisseau failed to request any relief in his Cross Motion. Therefore, Morrisseau's Cross Motion for Summary Judgment is denied.

3

## II. MSHA's Motion for Summary Judgment

In its Motion for Summary Judgment, MSHA requests that the Court issue a judgment of foreclosure and sale on the Casco property owned by Morrisseau. Morrisseau makes two primary arguments in opposition to MSHA's Motion for Summary Judgment. First, Morrisseau argues that MSHA never gave him notice of the assignment from HAC to MSHA as is required by 9-A M.R.S.A. § 9-306. Second, Morrisseau argues that he never received notice of default and notice of his thirty (30) day right to cure pursuant to 14 M.R.S.A. § 6111(1), which requires written notice from the mortgagee to the mortgagor before the mortgagee can foreclose on property.

### A. Notice of Assignment Pursuant to 9-A M.R.S.A. § 9-306

Section 9-306 of Title 9-A, the Maine Consumer Credit Code (the "Code"), reads *in toto* as follows:

> A consumer is not obligated to make payments on a consumer credit transaction to any creditor, other than the original creditor, until he receives notification of assignment of rights to payment and that payment is to be made to the assignee. A notification which does not clearly and conspicuously identify the rights assigned is ineffective. If requested by the consumer, the assignee must seasonably furnish proof that the assignment has been made and unless he does so the consumer may pay the original creditor.

The Code provides some exemptions and exceptions to its requirements. For example, the Code does not apply to "a loan or credit sale made by a creditor to finance or refinance the acquisition of real estate...or a loan made by a creditor secured by a first mortgage on real estate." 9-A M.R.S.A. § 1-202(8). This exemption, however, "applies to Articles 2, 3, 4 and 5 only" unless the creditor is a "supervised financial organization." 9-A M.R.S.A. § 1-202(8)(C). A "supervised financial organization" is defined as either "a financial institution as

4

defined in Title 9-B, section 131" ("a universal bank or limited purpose bank organized under the provisions of this Title [Title 9-B], and a trust company, nondepository trust company, savings bank, industrial bank or savings and loan association organized under the prior laws of this State," 9-B M.R.S.A. § 131(17)), or "a person, other than an insurance company... that is subject to the supervision by an official or agency of a state or of the United States...," 9-A M.R.S.A. § 1-301(38-A).

MSHA alleges that it is exempted from the 9-A M.R.S.A. § 9-306 notice of assignment requirement because it falls within the 9-A M.R.S.A. § 1-202(8) exemption. However, MSHA makes no mention of the limit on this exemption found in subsection (C) and, therefore, makes no contentions and has presented no evidence regarding whether or not it is a "supervised financial organization." It is also undisputed that the § 9-306 notice at issue is in Article 9 of the Code, not in Articles 2, 3, 4 or 5.

Morrisseau, in his reply to MSHA's Objection to his Cross-Motion for Summary Judgment, does cite the § 1-202(8)(C) limitation and argues that MSHA is not a "supervised financial organization" and therefore must provide the notice of assignment. However, Morrisseau fails to provide sufficient evidence that MSHA is in fact not a "supervised financial organization." Morrisseau presents the affidavit of his attorney, Joshua Klein-Golden, wherein Attorney Klein-Golden swears that he spoke to Christian D. Van Dyck of the State of Maine Bureau of Financial Institutions, which oversees Title 9-B organizations, and Attorney Van Dyck informed him that his office does not oversee either HAC or MSHA. The affidavit also states that "Attorney Van Dyck refused to sign an affidavit to this effect." Attorney Klein-Golden further states that he

5

"reviewed the definition of 'supervised financial organization' found in 9-A M.R.S.A. § 1-301(38-A) and, upon information and belief, the Maine State Housing Authority does not fall under that definition." This is insufficient evidence for this Court to find that MSHA is not a "supervised financial organization."

As neither party to these motions has offered sufficient evidence to show that this notice of assignment was or was not required, there is a genuine issue of material fact and MSHA's Motion for Summary Judgment must be denied.

## B. Notice of Mortgagor's Right to Cure

Section 6111(1) of Title 14 of the Maine Revised Statutes is set forth *in toto*:

> With respect to mortgages upon residential property located in this State when the mortgagor is occupying all or a portion of the property as the mortgagor's primary residence and the mortgage secures a loan for personal, family or household use, the mortgagee may not accelerate maturity of the unpaid balance of the obligation or otherwise enforce the mortgage because of a default consisting of the mortgagor's failure to make any required payment, tax payment or insurance premium payment, by any method authorized by this chapter until at least 30 days after the date that written notice is given *by the mortgagee* [emphasis added] to the mortgagor and any cosigner against whom the mortgagee is enforcing the obligation secured by the mortgage at the last known addresses of the mortgagor and any cosigner that the mortgagor has the right to cure the default by full payment of all amounts that are due without acceleration, including reasonable interest and late charges specified in the mortgage or note as well as reasonable attorney's fees. If the mortgagor tenders payment of the amounts before the date specified in the notice, the mortgagor is restored to all rights under the mortgage deed as though the default had not occurred.

The contention that a mortgagee failed to adhere to the notice requirement of § 6111(1) "is an affirmative defense and, as such, [the mortgagor has] the burden of proving the applicability of the defense." *ABN AMRO Mortgage Group v. Willis*, 2003 ME 98, ¶ 5, 829 A.2d 527, 529. The statute states that notice must

6

be given "by the mortgagee" and contains no exceptions or extensions to permit a loan servicer to send the notice in lieu of the mortgagee itself.

Based on the foregoing, it appears that MSHA itself did not comply with the notice requirement of 14 M.R.S.A. § 6111(1) as it did not send Morrisseau notice that he had a right to cure. However, MSHA argues that its agent Graystone, its loan servicer, did send this required notice on MSHA's behalf in its October 2006 letter, even though this letter includes no mention of MSHA. As MSHA's Motion for Summary Judgment is denied for the reasons set forth above in Section II.A, this Court makes no finding on the question of whether proper § 6111(1) notice was given in this case and further does not resolve the question of whether an agent can send § 6111(1) notice on behalf of its principal.

Therefore, the entry is:

Plaintiff Maine State Housing Authority's Motion for Summary Judgment is DENIED.

Defendant James W. Morrisseau's Cross Motion for Summary Judgment is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _28th_ day of _September_, 2007.

Robert E. Crowley
Justice, Superior Court

7

COURTS
id County
)x 287
e 04112-0287

MICHAEL HAENN ESQ
PO BOX 915
BANGOR ME 04402-0915

COURTS
id County
)x 287
e 04112-0287

JOSHUA KLEIN-GOLDEN ESQ
CLIFFORD & GOLDEN
PO BOX 368
LISBON FALLS ME 04252