STATE OF MAINE                                SUPERIOR COURT
CUMBERLAND, ss                                Civil Action
                                              Docket No. RE-07-113
                                              TED - CUM - 10/31/2007
THE BANK OF NEW YORK,

        Plaintiff

        v.                                    ORDER FOR SUMMARY JUDGMENT

DONNA MARIE BAKER,

        Defendant
                                              DONALD L. GARBE
and                                           LAW LIBRARY

DALE ALBERT BAKER,                            FEB 06 2008

        Party-in-Interest

## I. BEFORE THE COURT

This matter comes before the court on plaintiff The Bank of New York's ("Bank")

motion for summary judgment. Defendant Donna Marie Baker (Baker) argues that she

is entitled to summary judgment instead.

## II. PROCEDURAL HISTORY AND BACKGROUND

This is a foreclosure action brought by the Bank against the defendant Donna

Marie Baker and the party-in-interest Dale Baker. The following facts are not in

dispute: On September 26, 2005, Baker executed and delivered a promissory note for

the sum of $220,800.00 to Countrywide Homes, Inc. Baker also executed and delivered

a mortgage to Mortgage Electronic Registration Systems, Inc. (MERSI) to secure the

note. MERSI assigned its interest in the note and the mortgage to the Bank on March 12,

2007. Prior to the assignment, Baker received a letter on January 5, 2007 from Litton

Loan Servicing stating that she was in default on the mortgage loan. Baker does not

contest that she is in default of the mortgage loan.

The Bank filed a complaint for foreclosure on April 30, 2007, which was served on May 7. Baker answered on May 25. On July 16, the Bank filed a motion for summary judgment and default judgment, claiming that Baker had failed to answer. That motion was not acted on, and the Bank filed another motion for summary judgment on August 17, 2007. Baker opposes the present motion.

## III. DISCUSSION

### A. Standard of Review.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

### B. Notice Requirement for Foreclosure of Residential Property.

14 M.R.S. § 6111 requires a mortgagee of residential property to provide written notice to a mortgagor of the right to cure any default "by full payment of all amounts that are due without acceleration" before the mortgagee may "accelerate maturity of the unpaid balance of the obligation or otherwise enforce the mortgage because of a default." If proper notice is not given under § 6111, the court may enter summary judgment for the mortgagor. *See Sinclair v. Sinclair*, 654 A.2d 438, 440 (Me. 1995)

(upholding grant of summary judgment to mortgagor when proper notice was not given).

There is no dispute that Baker is in default on the note and has thus breached the terms of the mortgage. There is also no dispute as to the amount owed, as Baker has admitted it, even though the Bank failed to attach the actual business records to the affidavit of Denise Bailey, the Assistant Secretary of LLS. Baker asserts, however, that she never received proper notice of her right to cure from the Bank. She admits that she received a letter on January 5, 2007 from LLS, but argues that *the Bank* never notified her that LLS was acting on its behalf. The letter from LLS does not identify the mortgagee and the loan number on the notice is different than appears on the mortgage documents. The notice only states that it is providing notice "on behalf of the owner and holder of your mortgage loan;" thus, Baker contends that she never received proper notice from the mortgagee of her property.

The Bank denies that Baker was not informed that LLS was authorized to act on its behalf and that she did not receive proper notice of her right to cure from the Bank, but does not provide any support for its denials. Rule 56(h)(3) requires a party that is replying to the opposition to a motion for summary judgment to support any qualifications or denials of the opposing party's statement of additional facts with record citations. Under Rule 56(h)(4), any statement that is not properly controverted is admitted. Because the Bank has failed to properly controvert the additional statements offered by Baker, these statements regarding her lack of notice are deemed admitted.

The court finds that the Bank in fact failed to give Baker proper notice of her right to cure the default.

It is important to note, however, that the lack of statutory notice under § 6111 is an affirmative defense. *ABN AMRO Mortgage Group v. Willis*, 2003 ME 98, ¶ 5, 829 A.2d

527, 529. As such, it "must be stated in a responsive pleading pursuant to M.R. Civ. P. 8(c) and 12(b)." *R.C. Moore, Inc. v. Les-Care Kitchens, Inc.*, 2007 ME 138, ¶ 24, __A.2d__. If a party does not raise an affirmative defense in a responsive pleading, it is generally considered waived. *Id.* Baker never specifically raised lack of notice as an affirmative defense in her answer, although she did raise the defenses of failure to state a claim. This is sufficient to encompass insufficient notice. The Bank has not addressed this issue at all; therefore, the court concludes that the Bank has concedes that it did not give proper notice.

## C. Violations of 15 U.S.C. § 1692 et. seq.

In her opposition to the Bank's motion for summary judgment, Baker argues that the letter sent by LLS failed to comply with certain provisions of the federal Fair Debt Collection Practices Act (FDCPA) and she is thus entitled to damages. Furthermore, Baker asserts that the Bank is liable for the actions of LLS because the Bank has identified LLS as its agent through the pleadings it has filed in this case. Baker has not filed a counterclaim alleging any of these facts or claiming any violations of the federal law. The court declines to address the claim.

## IV. DECISION AND JUDGMENT

The clerk will make the following entries as the Decision and Judgment of the court:

**A.** The Bank of New York's Motion for Summary Judgment is denied.

**B.** Summary judgment is entered for defendant Donna Marie Baker with costs.

SO ORDERED.

DATE: _October 31, 2007_

Thomas E. Delahanty II
Justice, Superior Court

JONATHAN FLAGG ESQ
FLAGG LAW PLLC
93 MIDDLE ST
PORTSMOUTH NH 03801

C ALAN BEAGLE ESQ
BEAGLE & RIDGE
PO BOX 7044
PORTLAND ME 04112-7044