2009 ME 62

**BAR HARBOR BANK & TRUST**

v.

**THE WOODS AT MOODY, LLC, et al.**

Supreme Judicial Court of Maine.

Argued:  May 19, 2009.
Decided:  June 23, 2009.

Michael Haenn, Esq., Bruce B. Hochman, Esq., L. Dennis Carrillo, Esq. (orally), Lambert Coffin Haenn, Portland, ME, for Bar Harbor Bank & Trust.

Mark A. Kearns, Esq. (orally), Portland, ME, for The Woods At Moody, LLC and Christopher J. Gordon.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

LEVY, J.

[¶ 1]  The Woods at Moody, LLC and Christopher J. Gordon appeal from a summary judgment entered in the Superior Court (Penobscot County, *Murphy, J.*) in an action arising from a commercial loan secured by a mortgage.  The appellants contend that Bar Harbor Bank & Trust was not entitled to summary judgment because: (1) its complaint failed to plead the elements necessary to obtain a defi-

ciency judgment; (2) it failed to assert in its statement of material facts that it had complied with the notice provisions of 14 M.R.S. § 6203–E (2008) that apply when a lender seeks a deficiency following the exercise of a power of sale; and (3) a genuine issue of material fact exists as to the propriety of the foreclosure sale. We affirm the judgment.

## I. BACKGROUND

[¶ 2] The following facts are undisputed, except as otherwise indicated. In June 2005, The Woods at Moody, LLC (The Woods) entered into a contract to purchase a 78,000 square foot commercial building for $1,750,000 and approached Bar Harbor Bank & Trust (Bar Harbor) to finance the purchase. Soon thereafter, The Woods executed and delivered to Bar Harbor a promissory note in the amount of $1,207,500. The promissory note was secured by a mortgage, which provided for foreclosure by power of sale. In addition, Christopher J. Gordon, the sole member of The Woods, executed a guaranty agreement personally guaranteeing the payment of the note.

[¶ 3] The Woods defaulted on its payment of the promissory note in August 2007. Bar Harbor subsequently began interviewing auction firms to conduct a public sale of the property pursuant to the mortgage's power of sale provision and 14 M.R.S. § 6203–A (2008).[1] In December 2007, Bar Harbor filed a complaint alleging breach of contract against both The Woods and Gordon. The Woods and Gordon answered the complaint and denied that they had breached their obligations.

[¶ 4] In January 2008, Bar Harbor provided notice of the public sale of the property to The Woods as required by section 6203–A. The record is unclear whether Bar Harbor also provided The Woods the notice required by 14 M.R.S. § 6203–E,[2] which prohibits an action for a deficiency unless notice "with a naming of liability for the deficiency" has been provided inform-

---

1. Title 14 M.R.S. § 6203–A (2008) provides, in part:

Any holder of a mortgage on real estate that is granted by a corporation, partnership, including a limited partnership, limited liability company or trustee of a trust and that contains a power of sale, or a person authorized by the power of sale, or an attorney duly authorized by a writing under seal, or a person acting in the name of the holder of such mortgage or any such authorized person, may, upon breach of condition and without action, do all the acts authorized or required by the power; except that a sale under the power is not effectual to foreclose a mortgage unless, previous to the sale, notice has been published once in each of 3 successive weeks, the first publication to be not less than 21 days before the day of the sale in a newspaper of general circulation in the town where the land lies.... A copy of the notice must be served on the mortgagor or its representative in interest, or may be sent by registered mail addressed to it or the representative at its last known address, or to the

person and to the address as may be agreed upon in the mortgage, at least 21 days before the date of the sale under the power in the mortgage.

2. Title 14 M.R.S. § 6203–E (2008) provides, in part:

No action for a deficiency shall be brought by the holder of the mortgage note or other obligation secured by mortgage of real estate after foreclosure by exercise of the power of sale, unless a notice in writing of the mortgagee's intention to foreclose the mortgage shall have been served on the mortgagor or its representative in interest or the same has been sent by registered mail with return receipt requested at its last address then known to the mortgagee, to such address as may be agreed upon in said mortgage, together with a naming of liability for the deficiency, in substantially the form below, at least 21 days before the date of the sale under the power in the mortgage, and an affidavit has been signed and sworn to, within 30 days after the foreclosure sale, of the mailing of such notice.

ing the mortgagor of the mortgagee's intention to foreclose the mortgage. Bar Harbor sold the property at auction for $900,000 in February 2008, leaving a balance due on the promissory note of approximately $361,209.

[¶ 5] Bar Harbor subsequently filed a motion for summary judgment. In its statement of material facts, Bar Harbor stated that both The Woods and Gordon had breached their contractual obligations and that both remained liable for the outstanding balance on the promissory note. In their opposing statement of material facts, The Woods and Gordon admitted that The Woods had breached the requirements of the note but denied that Gordon had breached his obligations. Gordon's denial was based on the somewhat creative logic that because Bar Harbor had foreclosed on the property, "the Note and guaranty of the Note no longer exist." They further disputed the amount due on the promissory note and stated that because a commercially reasonable sale would have yielded more than $900,000, neither of them was liable for a deficiency.

[¶ 6] In an additional statement of material facts, The Woods and Gordon challenged the facts surrounding the public sale and disputed whether Bar Harbor had established the pleadings and facts necessary to obtain a deficiency judgment. In an accompanying memorandum of law, they argued that summary judgment was premature because Bar Harbor had not claimed a deficiency in its complaint and was required to bring a separate complaint for the deficiency. They further argued that Bar Harbor had failed to assert in its statement of material facts that it had complied with the notice requirements of section 6203–E.

[¶ 7] The court granted Bar Harbor's motion for summary judgment, entering a judgment in the amount of $374,884.58 for the deficiency owed. The Woods and Gordon subsequently filed this appeal.

## II. DISCUSSION

[¶ 8] The Woods and Gordon raise three issues on appeal, which we address as follows: (A) whether Bar Harbor established the pleadings necessary to support a deficiency judgment; (B) whether the courts grant of a summary judgment was in error because Bar Harbor failed to include in its statement of material facts a statement asserting that it had complied with the notice requirements of section 6203–E; and (C) whether a genuine issue of material fact exists as to the propriety of the public sale.

[¶ 9] We review a summary judgment de novo, viewing the evidence "in the light most favorable to the party against whom judgment has been entered." *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 13, 864 A.2d 169, 174 (quotation marks omitted).

### A. The Action for a Deficiency

[¶ 10] The Woods and Gordon assert that after the foreclosure sale, the only possible claim available to Bar Harbor was a deficiency claim, and that because Bar Harbor's complaint does not expressly assert a claim for a deficiency, the motion for a summary judgment should have been denied. In essence, they contend that Bar Harbor's election to foreclose on the property extinguished any claim Bar Harbor might have had, except for a claim for a deficiency, and that Bar Harbor's complaint states a claim that no longer exists, namely a suit on the promissory note. We are not persuaded by this reasoning.

[¶ 11] Bar Harbor's election to foreclose by power of sale only extinguished The Woods and Gordon's equitable right of redemption in the mortgaged property.

*See Johnson v. McNeil,* 2002 ME 99, ¶ 10, 800 A.2d 702, 704; *Key Bank of Me. v. Walton,* 673 A.2d 701, 703 (Me.1996). The bank's election to seek foreclosure did not also extinguish its claim for money owed on the promissory note. *See Brickyard Assocs. v. Auburn Venture Partners,* 626 A.2d 930, 935 (Me.1993). Moreover, to the extent that The Woods and Gordon argue that Bar Harbor's complaint failed to state a claim for a deficiency, Bar Harbor may be deemed to have alleged such a claim because it was plain by the conduct of the parties that The Woods and Gordon knew that Bar Harbor would seek a deficiency.[3] *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.5 at 304 (2d ed. 1970).

### B. Bar Harbor's Statement of Material Facts

■ [¶ 12] The Woods and Gordon also contend that Bar Harbor failed to include in its statement of material facts a statement asserting that it had complied with the notice requirements of 14 M.R.S. § 6203–E. They contend that because foreclosure law requires strict adherence to statutory mandates, and because Bar Harbor failed to assert strict compliance with section 6203–E in its statement of material facts, the court erred by granting Bar Harbor a summary judgment.

[¶ 13] Generally, we have required that foreclosure statutes "be strictly followed."

*Cadle Co. v. LCM Assocs.,* 2000 ME 73, ¶ 6, 749 A.2d 150, 152. However, in requiring strict compliance with foreclosure statutes, we have stated that where compliance with notice provisions of foreclosure statutes is at issue, the allegation of non-compliance is an affirmative defense, and the party raising the defense has the burden of proving its applicability. *See ABN AMRO Mortgage Group v. Willis,* 2003 ME 98, ¶ 5, 829 A.2d 527, 529; *see also Camden Nat'l Bank v. Peterson,* 2008 ME 85, ¶ 3, 948 A.2d 1251, 1254; *Sec. Pac. Nat'l Trust Co. v. Reid,* 615 A.2d 241, 243 (Me.1992). Here, The Woods and Gordon had the responsibility of raising the issue of Bar Harbor's compliance with section 6203–E as an affirmative defense. In answering Bar Harbor's complaint, however, The Woods and Gordon did not assert, as an affirmative defense, that Bar Harbor had failed to comply with section 6203–E's notice provisions, nor did they seek to amend their answer accordingly following the sale of the property. Not having raised the affirmative defense, The Woods and Gordon have failed to establish its applicability.

[¶ 14] Furthermore, there is no dispute that The Woods and Gordon were on notice that they were liable for a deficiency and that Bar Harbor would likely seek the deficiency after a public sale. As discussed above, The Woods and Gordon acknowl-

---

**3.** Bar Harbor filed several pre-trial motions in this case, including two motions for attachment and an initial motion for summary judgment. All three motions were denied. However, in opposing each motion, The Woods and Gordon acknowledged liability for a deficiency and Bar Harbor's intent to seek the deficiency. In objecting to Bar Harbor's first motion for attachment, which was filed at the same time as Bar Harbor's complaint, The Woods and Gordon argued that Bar Harbor was "essentially seek[ing] to secure an ultimate deficiency judgment," but that it had failed to establish the amount that would likely be recovered at a public sale. In opposing Bar Harbor's initial motion for summary judgment, which was filed prior to the sale of the property at auction, The Woods and Gordon again conceded that they were "obligated for a deficiency, if any," but argued that their liability for a deficiency could not be established until the property was sold at auction. Finally, in objecting to Bar Harbor's second motion for attachment, which was filed after the property had been sold at auction, The Woods and Gordon argued that Bar Harbor's only claim was one for a deficiency, and that because Bar Harbor's complaint did not state a claim for a deficiency, it was "seeking an attachment on a claim it has not made."

edged on several occasions during the litigation that they were liable for a deficiency and that Bar Harbor intended to seek the deficiency.

[¶ 15]  The Woods and Gordon had the responsibility of raising the issue of non-compliance with the notice provisions of section 6203–E as an affirmative defense and the burden of proving the defense's applicability.  Because they failed to do either, Bar Harbor was not required to address in its statement of material facts whether it had complied with the notice provisions of section 6203–E.

C.  The Public Sale

■  [¶ 16]  The Woods and Gordon argue that they alleged facts concerning the public sale that were uncontroverted by Bar Harbor and that the alleged facts preclude summary judgment because they raise issues of fraud, mistake, and self-dealing in connection with the public sale of the property.

[¶ 17]  Pursuant to M.R. Civ. P. 56(h)(4), facts contained in an opposing statement of material facts, "if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted," but a "court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment."

[¶ 18]  The uncontroverted facts alleged by The Woods and Gordon are that: (1) prior to the foreclosure sale, Bar Harbor had "insisted" that the value of the property was $900,000; (2) at the foreclosure sale, only two bidders bid on the property; (3) when the bidding reached $900,000, Bar Harbor requested a break in the bidding; (4) during the break, the two bidders spoke to each other; and (5) after the break there were no more bids.  The Woods and Gordon supported these assertions with an affidavit from Gordon that

recited the language contained in the opposing statement of material facts.

[¶ 19]  The Woods and Gordon's first assertion, that Bar Harbor "insisted" that the value of the property was $900,000, is unsupported by the record.  The Woods and Gordon appear to ground their assertion on a motion for attachment, filed by Bar Harbor, that stated that the amount due on the note was "at least $250,000 more than the likely realizable net proceeds from the sale."  This statement, however, does not reflect an insistence by Bar Harbor as to the value of the property; rather, the statement reflects Bar Harbor's forecast as to what a likely sale at auction would bring.  The Woods and Gordon do not point to any other evidence to support the assertion that Bar Harbor "insisted" that the value of the property was $900,000.

■  [¶ 20]  To the extent that The Woods and Gordon argue that the sale price of $900,000 presents a genuine issue of material fact as to the commercial reasonableness of the sale, price inadequacy is generally an insufficient basis on which to challenge the reasonableness of a sale unless other factors exist, such as fraud, unfairness or other irregularity.  *See* 1 Grant S. Nelson & Dale A. Whitman, *Real Estate Finance Law* § 7.21 at 853–54 (5th ed. 2007).  The Woods and Gordon have failed to show that these other factors exist because the remaining facts alleged by The Woods and Gordon concerning the conduct of the foreclosure sale are unsupported.  Gordon's affidavit simply repeated the language of the opposing statement of material facts.  M.R. Civ. P. 56(e) provides that affidavits "shall be made on personal knowledge," yet Gordon's affidavit states that he has lived in South Carolina since the beginning of the case and has "no facts to provide toward the facts surrounding the Public Sale."  Therefore, the foreclo-

sure sale price does not present a genuine issue of material fact that precludes summary judgment and The Woods and Gordon have failed to demonstrate that the sale was conducted with irregularities sufficient to preclude summary judgment.

The entry is:

Judgment affirmed.