STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                   DOCKET NO. CV-09-232
                                            GAB-YOR-2/11/2010

SAVINGS BANK OF MAINE f/k/a
RIVERGREEN BANK,

                    Plaintiff


        v.                                          ORDER



ZUK CONSTRUCTION, INC. and
STEPHEN M. ZUK,

                    Defendants

        Plaintiff Savings Bank of Maine, formerly known as Rivergreen Bank, foreclosed

and sold certain property owned by Zuk Construction, Inc. under a non-judicial power

of sale contained in a mortgage Zuk Construction gave to secure a note. The plaintiff

now seeks a deficiency judgment against defendants Zuk Construction and the note's

personal guarantor Stephen M. Zuk to recover the after-sale balance due on the note,

and has filed this motion for summary judgment. The defendants admit to the facts

alleged but dispute the amount still due, because they claim that Savings Bank of Maine

did not conduct the foreclosure sale in a commercially reasonable manner.  Following

hearing, the Motion for Summary Judgment is Granted.

## BACKGROUND

        Stephen M. Zuk, acting as an owner and officer of Zuk Construction, Inc. (ZCI)

executed and delivered to then Rivergreen Bank a promissory note in the principal

amount of $325,000.00 on May 4, 2006. (Supp. S.M.F. ¶¶ 4, 6.) To secure the note, Zuk

executed a continuing commercial guaranty in his personal capacity, a commercial

security agreement on behalf of ZCI, and a mortgage on ten lots of real property held by ZCI. (Supp. S.M.F. ¶¶ 8, 9, 12.) The mortgage contained a provision allowing the bank to foreclose and conduct a non-judicial sale pursuant to 12 M.R.S.A. § 6203-A, and advised that the lender would seek to recover for any deficiency remaining after sale. (Supp. S.M.F. ¶¶ 16, 17.)

On August 8, 2008 Rivergreen Bank sent ZCI written notice that it was in default under the note and mortgage for its failure to make payments due. (Supp. S.M.F. ¶¶ 19, 20.) Neither ZCI nor Zuk cured the default. (Supp. S.M.F. ¶ 21.) On September 19, 2008 Savings Bank of Maine (SBM) merged with Rivergreen Bank and became its successor to the note and security instruments executed by ZCI and Zuk. (Supp. S.M.F. ¶ 22.)

On April 30, 2009, SBM notified ZCI and Zuk that it intended to foreclose on the mortgage by power of sale and hold ZCI and Zuk liable for any deficiency. (Supp. S.M.F. ¶ 23.) A copy of this notice was sent to Zuk on May 1, 2009, and was published in the Weekly Sentinel for three consecutive weeks starting on May 8, 2009. (Supp. S.M.F. ¶¶ 24, 26.) The Weekly Sentinel is a weekly newspaper of general circulation in the county where the properties are located. (Supp. S.M.F. ¶ 25.) Notice was also published in the Maine Sunday Telegram on May 10, 17, and 24, 2009, the York County Coast Star on May 13, 2009, the Union Leader on May 14, 2009, the Rochester Times on May 14, 2009, and the Upcoming Auctions Calendar in the Maine Sunday Telegram and the Bangor Daily News. (Supp. S.M.F. ¶¶ 28–32.) SBM retained Keenan Auction Company to conduct the public sale, and Keenan advertised the sale extensively. (Supp. S.M.F. ¶¶ 27–38.)

The sale occurred on June 9, 2009. (Supp. S.M.F. ¶ 39.) A $20,000.00 refundable deposit was required to bid, and a party other than the plaintiff won the high bid. The gross sales proceeds were $130,001.00, and the net proceeds amounted to $110,331.00.

(Supp. S.M.F. ¶ 41.) These net proceeds were applied to the balance owed on the note, leaving approximately $141,297.80 to be repaid. (Supp. S.M.F. ¶¶ 42, 50.) Within thirty days of the sale, an affidavit of mailing of notice of foreclosure was signed and sworn, served on Zuk, and recorded in the York County Registry of Deeds. (Supp. S.M.F. ¶¶ 47–49.) SBM has since made a demand on Zuk and ZCI for the deficiency balance, but they have refused to pay. (Supp. S.M.F. ¶¶ 47–49.)

On August 13, 2009, SBM filed this action against Zuk and ZCI for breach of contract on the note, breach of contract on the guaranty, and unjust enrichment. SBM's complaint included a claim for deficiency on the foreclosure against ZCI only. On November 6, 2009, SBM filed this motion for summary judgment on all counts. Zuk and ZCI admit to all of SBM's allegations, but contend that the foreclosure was not held in a commercially reasonable manner. As a result, they claim the sale price was artificially low and does not reflect the properties' fair market value. Zuk and ZCI contend that they are entitled to determine the fair market value and deduct that amount from the debt, rather than the properties' actual sale price.

## DISCUSSION

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A motion for summary judgment must be supported by citations to record evidence of a quality that would be admissible at trial. *Id.* at ¶ 6, 770 A.2d at 656 (citing M.R. Civ. P. 56(e)). An issue of "fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Inkell v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747 (quoting *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179). Any ambiguities "must be resolved in favor of the non-moving party." *Beaulieu v.*

3

*The Aube Corp.*, 2002 ME 79, ¶ 2, 796 A.2d 683, 685 (citing *Green v. Cessna Aircraft Co.*, 673 A.2d 216, 218 (Me. 1996)).

In this case the defendants do not dispute SBM's allegations, but they argue that the record calls the commercial reasonableness of the foreclosure sale into question. Power-of-sale foreclosure proceedings are governed by 14 M.R.S.A. §§ 6203-A through 6203-F. In addition to the statutory requirements, sales must be conducted in a commercially reasonable manner. *Bar Harbor Bank & Trust v. The Woods at Moody, LLC*, 2009 ME 62, ¶ 20, 974 A.2d 934, 939. The Defendants do not dispute that the statutory requirements have been met. The only matter for the Court to determine is whether the defendants have raised an issue of material fact concerning the reasonableness of the sale.

"[P]rice inadequacy is generally an insufficient basis on which to challenge the reasonableness of a sale unless other factors exist, such as fraud, unfairness or other irregularity." *Id.* (citing 1 Grant S. Nelson & Dale A. Whitman, *Real Estate Finance Law* § 7.21 at 853–54 (5th ed. 2007)). The Defendants assert: "The affidavits . . . herein strongly suggest that the foreclosed property was sold for an amount substantially less than its fair market value at the time of the sale. . . . [T]he apparent discrepancy is so large as to suggest that the foreclosure was not conducted in a commercially reasonable manner . . . ." (Pl.'s Opp'n to Def's Mot. Summ. J. at 2.) The defendants offer an appraisal from the summer of 2005 and I.R.S. form 1099-A for tax year 2009 to support their position.

The appraisal is outdated and, even if current, would only be relevant if offered with other evidence of impropriety. The basis for 1099-A estimate of value is unknown. The record shows that SBM widely advertised the foreclosure sale, used a reputable professional auctioneer, and met its statutory requirements. SBM has documented these steps in the record, and offers its auctioneer's affidavit testifying that the sale process

4

conformed to commercially reasonable standards. The defendants do not offer any competent evidence indicating that the foreclosure was conducted in an irregular or unreasonable way, but rather they ask the Court to speculate that irregularity occurred based solely on the price fetched at auction.

## CONCLUSION

The defendants have failed to generate an issue of material fact about whether the foreclosure sale was conducted in a commercially reasonable way. SBM's motion for summary judgment is **granted**. Plaintiff may prepare an order of judgment for review and signature.

Dated:      February 11, 2010

G. Arthur Brennan
Justice, Superior Court

ATTORNEY FOR PLAINTIFF

BRUCE HOCHMAN, ESQ.
LUIS DENNIS CARILLO, ESQ.
LAMBERT COFFIN
PO BOX 15215
PORTLAND ME   04101-5215

ATTORNEY FOR DEFENDANT

JOSEPH LENKOWSKI, ESQ.
SCACCIA LENKOWSKI & ARANSON
PO BOX 929
SANFORD ME   04073

5